W. B. FURR and others v. ALFRED BROWER, Adm'r, and others.

*Administrator—Negligence—Confederate Money.*

1. It is not negligence in an administrator to sell slaves for division in
   March, 1861, under an order of Court in an *ex parte* proceeding in-
   stituted to that end by the administrator and distributees.

2. Where, after such a sale, the guardian of the distributees, who were
   infants, commenced a suit against the administrator for the funds
   arising therefrom, and in April, 1863, obtained a judgment, the ad-
   ministrator was justified in collecting the purchase money in con-
   federate currency, such being the only circulating medium ; and
   the receipt of the guardian for the same after its payment into
   Court, is a complete discharge of the administrator.

(*Purvis* v. *Jackson,* 69 N. C. 474, cited, distinguished and approved.)

CIVIL ACTION on an Administration Bond, tried at
Fall Term, 1877, of MOORE Superior Court, before *Sey-
mour, J.*

The parties waived a jury trial and the Court found the
facts :—The defendant, Brower, administered upon the
estate of Upshur Furr who died intestate in 1858, and exe-
cuted a bond with the other defendants as sureties.    The
plaintiffs are the next of kin and distributees of the intes-
tate whose estate was worth $4500 according to the inven-
tory of the defendant.    The administrator sold the personal
property, except the slaves, on the 23d of November, 1858,
the proceeds of which paid the debts of his intestate.    On
the 2d of March, 1861, he sold the slaves for $2040, upon
six months credit by virtue of an order obtained in an ex-
parte petition of the administrator and the distributees, the
plaintiffs, who were minors and represented by a guardian

*ad litem*, for the purpose of a division ; and at July Term, 1862, of the County Court, Noah Richardson was appointed guardian of the plaintiffs and filed a petition against the defendant for an account and settlement. ·An account was taken and the sum of $1754.13 found to be due the plaintiffs, and a report of the same was confirmed and judgment entered, at April Term, 1863, of said Court. On the 28th of April, 1863, the following entry was made on the execution docket of said Superior Court, in the case of Richardson, guardian, &c., against Brower, administrator, &c.,— "Paid into office in confederate money " (the amount due the plaintiffs) and on the 9th of May, 1863, the following entry :—" Received by A. N. McNeill, clerk (said sum) in confederate money in full of the amount paid in by the administrator," signed by the guardian ; which sum was actually paid in by the administrator and received from the clerk by the guardian according to said entries. The defendant sometime previous to April 28th, 1863, collected the notes due him as administrator in confederate money ; and was allowed to retain $80.27 of the said amount found due to meet some outstanding claim, which sum not having been used by him was paid into the clerk's office in November, 1875, for the use of the plaintiffs.

His Honor held that the administrator was not chargeable with any fault or negligence in selling the slaves in 1861, and that he acted properly in collecting the notes taken for the payment of the slaves, especially in view of the fact that a suit was pending against him by the guardian of plaintiffs for an account and settlement, and that he was accountable only for the confederate money actually received by him. He further held that the judgment, payment into Court, and the receipt of confederate money by the guardian in May, 1863, were a complete discharge of the administrator and his sureties. Judgment. Appeal by plaintiffs.

*Mr. John Manning*, for plaintiffs.

*Messrs. N. McKay* and *Merrimon, Fuller & Ashe* for defendants.

RODMAN, J.   The plaintiffs contend that the defendant was negligent in this :

1. That on the 2d of March, 1861, he sold the two slaves which he held as administrator of their father in trust for them.   We attach no importance to the fact that the sale was made under an order of the County Court; such orders were almost of course on the petition of an administrator; nor to the fact that the plaintiffs, then infants, represented by their guardian appointed by the Court *ad litem* were co-petitioners with the administrator.   In those days and perhaps now, guardians *ad litem* were the mere nominees of the administrator and gave no real protection to their wards.   The suit was but a form, and if the administrator so pleased, a form to cover a fraud.   There is however no appearance of any fraudulent purpose in this case.   Supposing the sale to have been altogether the act of the administrator, it does not appear to have been imprudent, much less negligent or fraudulent.   It was not inconsistent with a fair purpose and honest judgment to suppose it advisable even as early as March, 1861, to sell slaves.

2. That the administrator, some time before the 28th of April, 1863, collected the notes given for the slaves which fell due on the 2nd of September, 1861.   Perhaps this unexplained might be considered a culpable imprudence. It would depend on the circumstances.   At July Term, 1862, of Moore County Court, Richardson became guardian of plaintiffs, and shortly thereafter commenced a suit against the administrator for the fund in his hands.   At April Term, 1863, he recovered a judgment, and on the 28th of April the administrator paid into Court the amount recovered (except a small sum retained for a special pur-

pose by leave of the Court and afterwards paid) which the guardian received and receipted for.

This suit explains and justifies the collection of the notes in confederate currency. It does not appear that the guardian offered to accept the notes. If his petition was in the usual form, he demanded payment of what was due in money, and thus compelled the administrator to collect in the only money which was then in circulation.

This case differs from *Purvis* v. *Jackson*, 69 N. C., 474; in this: There, the plaintiff refused to ratify the act of the clerk in receiving confederate money, and immediately on being informed of it repudiated it. Here, the guardian of plaintiffs received the money without objection, and thereby ratified its receipt by the clerk.

As to the sum retained to meet certain contingent costs, as it has been paid, it is unnecessary to say anything. We concur in all respects with the Judge below.

PER CURIAM.                    Judgment affirmed.